IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY H. TURNER,

                    Plaintiff,                    OPINION & ORDER

   v.

                                                  14-cv-383-jdp

WISCONSIN DEPARTMENT OF
CORRECTIONS, GREGORY GRAM,
JANEL NICKEL, and CHRISTINE M.
WODILL,

                    Defendants.

---

      Pro se plaintiff Anthony Turner, a Wisconsin Department of Corrections prisoner, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff alleges that he was subjected to repeated sexual abuse, sexual assaults, and sexual harassment by a prison employee over a four-month period in violation of his constitutional rights.

      Plaintiff has paid an initial partial payment of the filing fee as previously directed by the court. Accordingly, the next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's complaint must be dismissed because it is barred by the statute of limitations and, thus, fails to state a claim upon which relief may be granted.

ALLEGATIONS OF FACT

In his complaint and its attachments, plaintiff alleges the following facts.

Turner is currently incarcerated at Fox Lake Correctional Institution. In 2007, when the events at issue occurred, he was incarcerated at Columbia Correctional Institution. He worked in the kitchen and was supervised by defendant Christine Wodill, a food service department employee, from March to August 2007. In April, Wodill starting asking him inappropriate sexual questions. She ordered him to go with her to the janitor's closet, where she started kissing him. Subsequently, she told him to "keep his mouth shut because she could lose her job and she would deny it." Dkt. 1-1, at 2.

This behavior continued and intensified until late July 2007, even though Turner stopped working in the kitchen in mid-July. For example, in June, Wodill forced him to receive oral sex and penetrate her with his fingers. At the end of June and in July, she gave him tobacco to appease him for her sexual misconduct.

Turner was afraid to report Wodill's sexual misconduct because he thought that he might not be believed and then would be punished. In May 2007, her supervisor saw her fondling Turner's buttocks. The supervisor prepared an incident report, but she was not disciplined and continued working in the kitchen.

Ultimately, Wodill's sexual misconduct was investigated by the Columbia County Sheriff's Department. She admitted making "foolish errors" and having sexual contact with Turner. Dkt. 1-2. She also admitted giving tobacco to him.

Wodill resigned from her job on August 3, 2007. Shortly thereafter, she was criminally charged for second degree sexual assault by correctional staff and for delivery of articles to an inmate. She pled guilty to both counts and entered into a plea agreement, under which she was placed on probation.

Defendant Gregory Gram was the warden of Columbia Correctional Institution, and defendant Janel Nickel was the security director. They were aware of Wodill's sexual misconduct—in particular, the May 2007 incident where she grabbed Turner's buttocks. Gram and Nickel did nothing to discipline Wodill and allowed her to continue working in the kitchen with Turner. Accordingly, Gram and Nickel were indifferent to Turner's health and safety.

ANALYSIS

Turner contends that defendants violated his Eighth and Fourteenth Amendment rights. This case might well proceed if it were timely, but it is not. I must dismiss the complaint because it is barred by the statute of limitations.

Neither 42 U.S.C. § 1983 nor 42 U.S.C. § 1988 contains a statute of limitations. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Federal courts apply the state statute of limitations for personal-injury suits to actions under § 1983. *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). The injury occurred in Wisconsin, and the Supreme Court of Wisconsin has held that section 893.53 of the Wisconsin Statutes provides the statute of limitations that applies to § 1983 claims. *Hemberger v. Bitzer*, 216 Wis. 2d 509, 519 (1998). Section 893.53 states:

> An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.

Wis. Stat. § 893.53. Thus, the applicable statute of limitations is six years. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). This period begins to run either when the injury is discovered or when it should have been discovered with "reasonable diligence." *Hanson v. A .H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983). "Wisconsin does not toll its limitations period

for the time in which a person is incarcerated." *Maddox v. Berge*, 473 F. Supp. 2d 888, 894 (W.D. Wis. 2007).

A statute of limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). That is the case here. Turner's complaint and its attachments show that all of the events at issue occurred in 2007 and that he was aware of his injuries in 2007, which is more than six years before the filing of his complaint on May 23, 2014. In fact, he filed a civil complaint with the same allegations in November 2008, case no. 08-cv-681, in this court.[1] He voluntarily dismissed that complaint before the initial partial filing fee was paid.

Because I am dismissing the complaint on the basis of Turner's own allegations, this is a dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock,* 127 S.Ct. 910, 920-21 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Therefore, I must assess a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Anthony H. Turner's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

---

[1] Dkt. 1-1 in the case before me was the complaint in the 2008 case and also contains the operative allegations here.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered June 3, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge